HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE MCCLELLON,

    Plaintiff,

    v.

CAPITAL ONE BANK, NA, *et al.*,

    Defendants.

Case No. 19-cv-446-RAJ

ORDER GRANTING MOTION FOR SERVICE

This matter comes before the Court on Plaintiff's Motion for Service. Dkt. # 7. The Motion is unopposed. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion. Dkt. # 7.

## I. BACKGROUND

On March 26, 2019, Plaintiff Donte McClellon filed this action against Defendants Capital One Bank, Kellen Andrew Hade, and Miller Nash Graham & Dunn LLP. Dkt. # 1-1. Plaintiff also submitted an application to proceed *in forma pauperis.* Dkt. # 1. On March 27, 2019 the Honorable Michelle L. Peterson granted the application. Dkt. # 4. Plaintiff now moves for service pursuant to Fed. R. Civ. P. 4(c)(3). Dkt. # 7.

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court is required to review an action filed pursuant to the IFP provision of § 1915 before directing the U.S. Marshal to effect service pursuant to Fed. R. Civ. P. 4(c)(3). *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

ORDER – 1

the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

The Court finds that the claims found in Plaintiff's Complaint are sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Service is **GRANTED.** Dkt. # 7.

DATED this 23rd day of October, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2