HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE MCCLELLON,<br><br>    Plaintiff,<br><br> v.<br><br>CAPITAL ONE BANK, NA, et al.,<br><br>    Defendant. | CASE NO. C19-00446-RAJ<br><br>**ORDER DISMISSING<br>PLAINTIFF'S COMPLAINT** |

  This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. # 13) and Plaintiff's Motion for Reconsideration (Dkt. # 22) and Motion Pursuant to Rule 60(a) (Dkt. # 27). For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Donte McClellon's complaint with leave to amend. Dkt. # 5. Plaintiff's Motion for Reconsideration and Motion Pursuant to Rule 60(a) are **DENIED**. Dkt. # 22, 27.

  On March 26, 2019, Plaintiff Donte McClellon filed this action against Defendants Capital One Bank, Kellen Andrew Hade, and Miller Nash Graham & Dunn LLP. Dkt. # 1-1. Plaintiff also submitted an application to proceed *in forma pauperis.* Dkt. # 1. The Honorable Michelle L. Peterson granted the application. Dkt. # 4. On December 5, 2019, Defendants Kellen Andrew Hade and Miller Nash Graham & Dunn LLP filed the instant Motion to Dismiss arguing the Court lacks subject matter jurisdiction over this action. Dkt. # 13. In the alternative, Defendants argue that Plaintiff has failed to state a

ORDER - 1

claim under Fed. R. Civ. P. 12(b)(6).  Dkt. # 13.  The Motion is unopposed.

Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.  Federal courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states.  28 U.S.C. § 1332.  Under Fed. R. Civ. P. 8(a)(1) a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."

Plaintiff does not allege a basis for federal jurisdiction over this action and the Court cannot discern one.  Based on the facts alleged in the Complaint, it appears that Plaintiff and Defendant Kellen Andrew Hade are both residents of Washington.  Dkt. # 5 at ¶ 3.1.  As a result, complete diversity does not exist.  28 U.S.C. § 1332(a)(1).  To the extent Plaintiff is attempting to assert federal question jurisdiction, Plaintiff has not identified a federal law or statute underlying his claim.  Instead, it appears that Plaintiff is only alleging state law defamation claims under RCW 4.36.120.  Dkt. # 5 at ¶ 1.1.  In sum, Plaintiff makes no allegations that support a finding of federal question jurisdiction or diversity jurisdiction.

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint. Dkt. # 5.  **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss this action with prejudice.

Plaintiff also moves for reconsideration of the Clerk's prior order regarding his Motion for Default and Motion for Default Judgment.  Dkt. # 22.  Plaintiff reiterates his previous objection that Defendants failed to respond to his Complaint within the time allowed under the Federal Rules of Civil Procedure.  Plaintiff appears to misunderstand the federal rules.  On October 23, 2019, the Court granted Plaintiff's motion for service

and a **summons was issued**. Dkt. ## 8, 9. This is not, as Plaintiff appears to believe, the date that the Complaint was actually served. On November 19, 2019, the summons and Complaint were served on Defendants Kellen Andrew Hade and Miller Nash Graham & Dunn LLP, as reflected in the return of service filed by the U.S. Marshals Service. Dkt. # 11. On December 23, 2019, Defendant Capital One Bank NA was served. Dkt. # 23.

Under Fed. R. Civ. P. 12, Defendants Kellen Andrew Hade and Miller Nash Graham & Dunn LLP had 21 days from the date of service to respond – in this case until December 10, 2019. Defendants responded by way of filing their motion to dismiss on December 5, 2019. Defendant Capital One still has until January 13, 2020 to respond. Plaintiff's assertion that he also served Defendants by U.S. Certified mail on April 26, 2019 is equally unavailing. Dkt. # 16. Rule 4 requires personal service unless alternative service is permitted by the Court. Fed. R. Civ. P. 4. In this case, personal service was ordered and effectuated. Accordingly, Plaintiff's Motion for Reconsideration and Motion Pursuant to Rule 60(a) are **DENIED**.

Dated this 9th day of January, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 3