HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE MCCLELLON,<br><br>        Plaintiff,<br><br>  v.<br><br>CAPITAL ONE BANK, NA, et al.,<br><br>        Defendants. | CASE NO. C19-00446-RAJ<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

This matter is before the Court on Defendants' motion to dismiss Plaintiff's first amended complaint. Dkt. # 33. For the following reasons the Court **GRANTS** the motion.

ORDER - 1

## I.     BACKGROUND

On March 26, 2019, Plaintiff Donte McClellon filed this action against Defendants Capital One Bank, Kellen Andrew Hade, and Miller Nash Graham & Dunn LLP. Dkt. # 1-1. Plaintiff also submitted an application to proceed *in forma pauperis.* Dkt. # 1. The Honorable Michelle L. Peterson granted the application. Dkt. # 4. On December 5, 2019, Defendants Kellen Andrew Hade and Miller Nash Graham & Dunn LLP moved to dismiss, arguing the complaint failed to state a claim for relief and the Court lacked subject matter jurisdiction. Dkt. # 13. The Court granted the motion, noting that diversity appeared to be lacking because Plaintiff and Defendant Kellen Andrew Hade are both residents of Washington. The Court gave Plaintiff leave to amend and correct the jurisdictional defect. Dkt. # 29. On January 22, 2020, Plaintiff filed an amended complaint in which he alleges that his "domicile is the state of California" and that complete diversity exists. Dkt. # 31. Plaintiff also amended his defamation claim to incorporate additional allegations. Dkt. # 31 at ¶ 2.1. Defendant moves to dismiss Plaintiff's amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 33.

## II.     DISCUSSION

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Because Plaintiff is proceeding *pro se*, the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Defamation Claim

Plaintiff alleges Defendants defamed him by filing pleadings in a separate civil action pending in this district (18-cv-00909-JCC (the "original action")) in which Defendants falsely alleged Plaintiff sent emails which Plaintiff claims he did not send. Dkt. # 31 at ¶ 2.1. To state a valid defamation claim, Plaintiff must allege: (1) a false statement, (2) publication, (3) fault, and (4) damages. *Herron v. KING Broad. Co.*, 112 Wash.2d 762, 768 (1989). Defendants argue that the allegedly defamatory statements were never "published" and, even if they were, the statements were made in the course of litigation rendering them privileged as a matter of law.

The Court need not consider the issue of publication because the allegedly defamatory statements are clearly privileged. Statements are privileged if they are made: (1) in good faith, (2) if there is an interest to be upheld, (3) if the statement was limited in its scope to this purpose, (4) if the statement was made at a proper occasion, and (5) if publication was made in a proper manner to the appropriate parties only. *Allstate Ins. Co. v. Tacoma Therapy, Inc.*, No. 13-CV-05214-RBL, 2014 WL 1494100, at *4 (W.D. Wash. Apr. 16, 2014). Statements made during the course of, and relevant to, judicial

ORDER - 3

proceeding are subject to absolute privilege. *See Story v. Shelter Bay Co.*, 52 Wash. App. 334, 338 (1988). This privilege applies when authorities have the power to discipline with sanctions or strike impermissible statements from the record. *Id.* In-court statements or out-of-court statements that are pertinent or material to the redress or relief sought are subject to the privilege. *Demopolis v. Peoples Nat. Bank of Washington,* 59 Wash. App. 105, 109 (1990).

Here, the allegedly defamatory statements were filed in an opposition brief (and accompanying declaration) submitted in response to Plaintiff's application to proceed *in forma pauperis* in the original action. *See* Dkt. # 31 at ¶ 2.1. Those pleadings were directly relevant to relief sought by Plaintiff in the original action and subject to that court's authority to impose sanctions or strike the statements if necessary. Thus, the allegedly defamatory statements are privileged.

After this Court's last dismissal order, Plaintiff attempted to address this fatal defect by incorporating a new allegation that "there is no absolute immunity applicable in this case nor is it subject to absolute privilege." Dkt. # 31 at ¶ 2.1. Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff's conclusory assertion that the allegedly defamatory statements are not privileged will not salvage this claim.

Plaintiff also mistakenly relies on this Court's October 23, 2019 order finding that his complaint was sufficient to survive a §1915(e)(2) *sua sponte* screening, as somehow immunizing his complaint from dismissal. But as this Court previously explained to Plaintiff, "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." Dkt. # 8 at 2 (citing *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.

ORDER - 4

2007)). [1]  Because Plaintiff's defamation claim is deficient as a matter of law, Defendants' motion to dismiss is GRANTED.

### III.     CONCLUSION

Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id*.  Here, the Court finds that further amendment would be futile. Plaintiff has had two opportunities to amend his complaint and his defamation claim continues to suffer from the same fatal defect that cannot be cured by amendment. Accordingly, Plaintiff's first amended complaint is **DISMISSED** with prejudice.  Dkt. # 31.  Defendants' motion is **GRANTED**.  Dkt. # 33.

Dated this 28th day of April, 2020.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

---

[1] Plaintiff separately objects to Defendants' purported failure to comply with the meet and confer requirement in the Court's standing order. Dkt. # 35.  Although this Court has expressed a *preference* that meet and confers occur in person, this is not a requirement. Defendants' counsel certified that they attempted to call Plaintiff, but he did not return their call. Dkt. # 33 at 1-2.  Plaintiff contends that Defendants did not "even attempt" to meet and confer in person with him. Dkt. # 35 at 2.  Even assuming this is true, the Court does not find this is a basis to strike the motion.